# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DENIECE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 971 |
| | ) |
| MARYVILLE ACADEMY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deneice Thomas was employed by defendant Maryville Academy ("Maryville") from April 1, 1998 until her termination on August 4, 2003. Ms. Thomas alleges that she was sexually harassed by Glen Reece, a co-worker hired by Maryville in 2002. Ms. Thomas alleges that she complained about Mr. Reece's conduct to Maryville in January 2003, and was disciplined and suspended as a result. Ms. Thomas also alleges that her shift was detrimentally changed in March 2003 and she was terminated in August 2003, all in response to her complaints about Mr. Reece. Ms. Thomas alleges that Maryville did nothing to correct Mr. Reece's sexually harassing conduct. Finally, Ms. Thomas alleges that she was also subjected to harassment because of her medical condition, and that her termination was in retaliation for her complaints about that harassment. Ms. Thomas' complaint alleges that Maryville violated her rights under Title VII, 42 U.S.C. § 2000e et seq. (Count I); that Maryville violated her rights under the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Count II); and that Maryville violated her rights under an implied employment contract between Ms. Thomas and Maryville (Count III). Maryville moves to dismiss Count III, pursuant to Fed. R. Civ. P. 12(b)(6), and for sanctions, pursuant to Fed. R. Civ. P. 11. I grant the motions to dismiss but deny the motion for sanctions.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiff. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). I grant the motion only if the plaintiff can prove no set of facts to support the allegations in her claim. *Id.*

In Count III, Ms. Thomas alleges that the "Maryville Academy Personnel Policy and Procedure Manual" ("Maryville Manual") constituted an employment contract between Ms. Thomas and Maryville. She further alleges that Maryville violated that contract by wrongfully terminating her; by retaliating against her for complaining about sexual harassment and disability discrimination; and by failing to enforce those portions of the Maryville Manual which prohibited sexual harassment, disability discrimination, and violence in the workplace. The general rule in Illinois is that employment without a fixed duration is terminable at-will by either party. *Duldulao v. St. Mary of Nazareth Hospital Center*, 505 N.E.2d 314, 317 (Ill. 1987). An employee manual can

create enforceable contract rights, however, when three criteria are met: (1) the manual must contain a promise clear enough that the employee can reasonably believe an offer has been made; (2) the manual must be disseminated to the employee so that the employee is aware of the statements in the manual and reasonably believe them to be an offer; and (3) the employee must accept the offer by continuing to work. *Id.* at 318. The promise must go beyond the legally-required duties of the employer. *Mehringer v. Village of Bloomingdale*, No. 00-C-7095, 2001 WL 1105065, at *5 (N.D. Ill. Sept. 19, 2001). Finally, even if a manual meets the three criteria above, a conspicuous disclaimer can negate any contractual obligations. *Id.* at *4-5.

The Maryville Manual does not create enforceable contractual rights. Ms. Thomas relies heavily on the mandatory language in the sections of the Maryville Manual discussing Maryville's sexual harassment policy. Those sections, stating that retaliation is unlawful and that employees will not be penalized for reporting sexual harassment, simply state Maryville's legal obligations. Furthermore, the sections of the Maryville Manual discussing sexual harassment, § 4.2 *et seq.*, are preceded by a disclaimer in § 3.0. That disclaimer clearly states that the Maryville Manual does not create contractual obligations; that the policies therein can be amended or eliminated by Maryville at any time; and that employees may be terminated without notice or cause. The disclaimer appears

3

on its own page in the Maryville Manual. This disclaimer is sufficiently conspicuous to negate any potential contractual obligations. See *Mehringer*, 2001 WL 1105065, at *5.

Even if the Maryville Manual did create contractual rights, those rights could not include Ms. Thomas' alleged right to have her complaints of harassment and discrimination investigated. To be enforceable, the contractual rights so created must be for a tangible benefit, such as sick pay or disability benefits. *Id.* (citing *Finnane v. Pentel of America, Ltd.*, 43 F. Supp. 2d 891, 901 (N.D. Ill. 1999)). A promise to investigate harassment claims does not create a tangible benefit. *Id.; see also Svigos v. Petry Television, Inc.*, No. 95-C-5899, 1996 WL 388416, at *4 (N.D. Ill. Jul. 9, 1996) (refusing to extend *Duldulao*). Maryville's motion to dismiss Count III is granted.

Maryville also argues that sanctions under Rule 11, Fed. R. Civ. P., should be imposed against Ms. Thomas. While I conclude that Count III fails to state a claim, I do not find it frivolous. Maryville's motion for sanctions under Rule 11 is denied.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 21, 2005

4